```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
D'ARRIGO BROS. CO. OF NEW YORK, INC.,

                    Plaintiff,          Memorandum and Order

         v.                             19-CV-5474(KAM)(VMS)


MET FOOD BASICS, INC., et al.,

                    Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff, D'Arrigo Bros. Co. of New York, Inc., which does business as D'Arrigo New York ("Plaintiff" or "D'Arrigo"), initiated this action on September 26, 2019 against three defendants: Met Food Basics, Inc., which does business as Foodtown of Sheepshead Bay ("Foodtown"); Amin Dolah ("Amin"); and Mahmoud Hassan Dollah ("Mahmoud," and together with Foodtown and Amin, "Defendants").  Plaintiff's complaint alleges that Defendants violated provisions of the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499 *et seq*.

Defendants failed to appear, and the Clerk of Court entered Defendants' defaults on March 17, 2020.  Plaintiff now moves for a default judgment.  (ECF No. 27.)  For the reasons herein, Plaintiff's motion for a default judgment is DENIED without prejudice.

1

## Background

### I. Facts Alleged Against Defendants

D'Arrigo is a New York-based food wholesaler. (ECF No. 1, Complaint ("Compl."), ¶ 3.) Foodtown operates grocery stores in New York, New Jersey, and Pennsylvania, and its principal place of business is located in Brooklyn, New York. (*See id.* ¶ 4.)

D'Arrigo alleges that between December 2018 and June 2019, at Defendants' request, it sold and delivered perishable items to Foodtown, including primarily fruits and vegetables, worth a total of $70,956.75. (*Id.* ¶¶ 10, 17 and Ex. A.) D'Arrigo alleges that the perishable items were delivered on time, and that Defendants received and accepted the shipments without objection. (*Id.* ¶¶ 11-12.) According to D'Arrigo, Defendants received the invoices for each shipment, but failed to pay the amounts due, despite repeated demands to do so. (*Id.* ¶¶ 14-15.) D'Arrigo further alleges that a trust was established in favor of D'Arrigo pursuant to the provisions of the PACA, as to all perishable commodities received by Defendants. (*Id.* ¶ 13.) Each of the invoices sent by D'Arrigo notified Defendants that D'Arrigo reserved its rights as a beneficiary to a statutory trust pursuant to the PACA. (*Id.* ¶ 16.) Specifically, each invoice stated:

2

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act 1930 (7 U.S.C. § 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. In the event of the enforcement of our trust claim, we will seek to recover reasonable attorney's fees and the cost of recovery. Interest at the rate of 1.5% per month added to unpaid balance, interest and attorney's fees necessary to collect any balance owe [sic] hereunder shall be considered sums owing in connection with this transaction under the PACA trust.

(*Id.*)

## II. Defendants' Failure to Appear

Plaintiff initiated this action by filing a complaint on September 26, 2019, naming Foodtown and its principal officers, Mahmoud and Amin, as Defendants. (*See generally* Compl.) Plaintiff claimed violations of the PACA, and also brought claims for breach of fiduciary duty and breach of contract. (*Id.*) On November 14, 2019, copies of summonses as to all three Defendants, and copies of the complaint, were served upon an individual named "Joe" at one of Defendants' purported places of business. (ECF Nos. 5-7, Affidavits of Service.) On January 9, 2020, Plaintiff requested certificates of default, after Defendants failed to appear. (ECF Nos. 9-11, Requests for Certificates of Default.) The Clerk of Court

denied the requests because the affidavits of service failed to identify the last name of "Joe," the person who was served. (ECF Dkt. Entry Jan. 27, 2020.)

The same day the Clerk of Court denied the requests for certificates of default, Plaintiff filed new affidavits from its process server, identifying the person who was served on November 14, 2019 as "Joe Dolah." (ECF Nos. 15-17, Amended Affidavits of Service.) To date, Defendants have not appeared in this action, and the Clerk of Court entered Defendants' defaults on March 17, 2020. (ECF Nos. 24-26, Entries of Default.) On March 26, 2020, Plaintiff moved for a default judgment. (ECF No. 27, Motion for Default Judgment ("Mot."); see ECF No. 30, Memorandum in Support.)

## Legal Standard

Under Federal Rule of Civil Procedure 55, a plaintiff may obtain a default judgment by following a two-step process. First, if the defendant "has failed to plead or otherwise defend," the Clerk of Court will enter the defendant's default. Fed. R. Civ. P. 55(a). Second, the plaintiff must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010). Because a default

4

judgment is an extreme remedy, "[d]efault judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993)). Before entering a default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

## Discussion

Plaintiff's claims arise under the PACA, and Plaintiff also brought claims for breach of fiduciary duty and for breach of contract. For the reasons that follow, the court finds that Plaintiff's motion fails due to multiple procedural defects, and the court therefore declines to reach the merits of Plaintiff's claims.

I. **Service Upon Defendants**

According to Plaintiff's complaint, Foodtown's principal place of business is located on Coyle Street in Brooklyn, New York. (Compl. ¶ 4.) The invoices filed in support of Plaintiff's allegations were directed to Foodtown's

5

address at that same location on Coyle Street. (*Id.*, Ex. A.) Plaintiff, however, did not serve Defendants at that address. Rather, Plaintiff served all three Defendants by leaving copies of the summonses and complaints with an individual at an address located on Nostrand Avenue in Brooklyn, and by mailing copies of the summonses and complaints to the same address. (*See* ECF Nos. 15-17, Amended Affidavits of Service.) The Nostrand Avenue address where service was made is apparently a market called Met Food Markets.[1]

Before a court will grant a default judgment, "the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process." *Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order). Though a "process server's affidavit is *prima facie* evidence of proper service," that affidavit "'should disclose enough facts to demonstrate the validity of service.'" *J&J Sports Prods., Inc. v. Vergara*, No. 19-cv-2382 (FB)(VMS), 2020 WL 1034393, at *3 (E.D.N.Y. Feb. 6, 2020), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 1130 (4th ed. 2019)).

---

[1] *See* "Met Food Markets," Yelp, *available at* http://www.yelp.com/biz/met-food-markets-brooklyn (last accessed Mar. 1, 2021).

6

Here, the process server's amended affidavits establish that copies of the summonses and complaint were served upon an individual at a market on Nostrand Avenue in Brooklyn. The affidavits do not, however, provide enough facts to demonstrate that any Defendant was properly served.

A. <u>Service on Foodtown</u>

Under Federal Rule of Civil Procedure 4, a corporate defendant, such as Met Food Basics, Inc. (doing business as Foodtown), can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant," or by "following state law" regarding service.  Fed. R. Civ. P. 4(e)(1), 4(h)(1).  Similar to Rule 4, New York law allows for service upon a corporation by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(a)(1).

First, neither the process server's affidavit nor the affidavits filed in support of Plaintiff's motion for a default judgment establish that the person who was served was authorized to accept service on behalf of Foodtown.  The process server's

7

affidavit describes the person by first and last name ("Joe Dolah"),[2] and as "an authorized person," but it does not describe his role or title, nor does it state that he represented himself as a person who was authorized to accept service on behalf of Met Food Basics, Inc./Foodtown.  *See Augustin v. Apex Fin. Mgmt.*, No. 14-cv-182 (CBA)(VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015), *report and recommendation adopted*, 2015 WL 7430008 (E.D.N.Y. Nov. 23, 2015) (process server's "affidavit d[id] not describe the basis of his knowledge that [the person who was served] was 'designated by law to accept service of process on behalf of'" the defendant).  Service upon an employee of Foodtown would not necessarily be sufficient service, under either federal or state law, unless the employee was authorized to accept service.  *See, e.g.*, *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 145 (S.D.N.Y. 2000) (under New York law, service "not proper where process is served upon the doorman or concierge of the corporation's building").

Second, Plaintiff has not established that the market located on Nostrand Avenue is operated by Defendants.  Plaintiff brought this action against Met Food Basics, Inc., doing business as Foodtown, with a principal place of business on

---

[2] The court notes that the named individual Defendants in this action are Amin Hassan Dolah and Mahmoud Hassan Dollah, but there is no indication that "Joe Dolah" has any connection to either of them.

8

Coyle Street. The location where service was made, based on publicly-available information, is a store called Met Food Markets on Nostrand Avenue. It may be that Met Food *Markets* is a place where Foodtown (also known as Met Food *Basics*, Inc.) can be served, but that has not been established by any documents presently before the court.

The court cannot simply assume that a market with a similar name to that of the business entity Defendant was a proper place to serve that Defendant. It is axiomatic that Plaintiff must demonstrate that service was properly made, so that the court can be confident that Defendant received notice of the lawsuit against it, before the court enters a default judgment.

B. <u>Service on Mahmoud and Amin</u>

Federal Rule of Civil Procedure 4 provides for service upon an individual by serving them personally, by leaving the summons and complaint with an individual of suitable age who lives at the defendant's residence, by serving an agent authorized to accept service, or by following state law. Fed. R. Civ. P. 4(e). Because Plaintiff apparently attempted to serve the individual Defendants at one of their purported places of business (rather than at their residences), it appears that Plaintiff is relying on state law, which allows that service can be made upon an individual "by delivering the summons within the

9

state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." N.Y. C.P.L.R. § 308(2). Though a defendant's "actual place of business" includes "any location that the defendant . . . has held out as its place of business," N.Y. C.P.L.R. § 308(6), it is not clear that the location where service was made here was "the actual place of business" of the individual Defendants. As discussed above, the location where service was made bears a slightly different name than the corporate entity named in the complaint.

In addition, even if the location where service was made was the place of business of the individual Defendants, the affidavits of service on the individual Defendants did not comply with state law because they were untimely. After the Clerk of Court denied Plaintiff's first requests for certificates of default, Plaintiff re-filed amended affidavits of service that listed the first and last name of the person who was served. (ECF Nos. 15-17, Amended Affidavits of Service.) These amended affidavits were filed on January 27, 2020, and listed the date of service as November 14, 2019. Under New York law, "[i]f an individual is served by leaving the summons with

10

someone else at the individual's workplace, proof of such service must be filed within *20 days*." *Feng Lin v. Quality Woods, Inc.*, No. 17-cv-3043 (SJB), 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019) (citing N.Y. C.P.L.R. § 308(2), emphasis in original). Here, 74 days passed between service at Defendants' purported place of business on November 14, 2019, and the filing of the amended affidavits on January 27, 2020.

Accordingly, Plaintiff's motion must fail, because Plaintiff has not established that any Defendant was properly served. A party moving for a default judgment "must demonstrate . . . that the nonappearing party was effectively served with process," *Sik Gaek*, 682 F. App'x at 54, and "a process server's affidavit . . . should disclose enough facts to demonstrate the validity of service," *J&J Sports Prods.*, 2020 WL 1034393, at *3. Plaintiff has failed to do so. Plaintiff's motion for a default judgment is, therefore, denied.[3]

## II. Compliance with Local Rules

Plaintiff's motion also fails for an independent procedural reason. Pursuant to Eastern District Local Civil Rule 55.2(c), "all papers submitted" in support of a motion for

---

[3] Pursuant to Federal Rule of Civil Procedure 4(m), if a plaintiff fails to serve the defendants within 90 days after the complaint is filed, the court must dismiss the action without prejudice after notice to the plaintiff, or order that service be made within a specified time. Here, Plaintiff should file an amended complaint within 30 days, and make proper service of that amended complaint upon all Defendants in accordance with Rule 4.

11

a default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Local Civ. R. 55(c). "Proof of such mailing shall be filed with the [c]ourt." *Id.* "If the mailing is returned, a supplemental affidavit shall be filed with the [c]ourt setting forth that fact, together with the reason provided for return, if any." *Id.*

Plaintiff's motion for a default judgment, on the last page, appears to indicate that a copy of the motion was mailed to Defendants at the address on Nostrand Avenue in Brooklyn. (Mot. at 2.)  However, Plaintiff did not file any "[p]roof" of the mailing.  Courts have "interpret[ed] the [local] rule to require proof of mailing by affidavit because the next sentence requires a 'supplemental affidavit' to be filed for any returned mailing." *J&J Sports Prods.*, 2020 WL 1034393, at *5. Furthermore, there is no way for the court to tell whether Plaintiff mailed "all papers" that were filed in support of its motion.

The directions to mail the motion papers and to file proof of that mailing are mandatory requirements, as the Rules Committee "believes that experience has shown that mailing notice of such an application is conducive to both fairness and

12

efficiency[.]" Committee Note, Local Civ. R. 55.2. Failure to comply with the requirements is grounds to deny Plaintiff's motion. *See Allstate Ins. Co. v. Abramov*, No. 16-cv-1465 (AMD)(SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019); *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474 (ENV), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).

Moreover, in the case of the individual Defendants, the Rule is clear that the motion papers must be mailed to their "last known residence." It appears that if Plaintiff did in fact mail the motion, it mailed it to the market where service was made, which is clearly insufficient with regard to the two individual Defendants. *See Allstate*, 2019 WL 1177854, at *3 ("By using the business address [of an individual] to serve the motion, [the plaintiff] failed to comply with this requirement.").

Accordingly, Plaintiff's failure to comply with Local Civil Rule 55.2(c) provides an independent ground on which to deny its motion for a default judgment.

## Conclusion

For the foregoing reasons, Plaintiff's motion for a default judgment is DENIED without prejudice, and Plaintiff's complaint is DISMISSED for failure to properly and timely serve Defendants as required by Federal Rule of Civil Procedure 4.

13

Because the court declines to reach the merits of Plaintiff's claims, Plaintiff is permitted to file an amended complaint within 30 days of this Memorandum and Order. Plaintiff should then serve summonses and the amended complaint upon Defendants in compliance with Rule 4.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 1, 2021

                                          /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge